GREEN, J.
delivered the opinion of the court.
This is a bill to redeem a negro man slave, that Webb & Foster sold to the defendant Patterson, by bill of sale absolute on its face. At the same time, Patterson executed a defeasance in the following words:
“■Whereas, Benjamin Webb, Trustee, by George Foster, has this day sold me a man slave, named Tom, for the sum of three hundred dollars, and executed to me a bill of sale for said slave, and the said sale is made upon this condition, to wit, that I am to allow the said Webb, at any time within six months from this date, to redeem said slave upon his paying me the aforesaid sum of three hundred dollars, either in money or in my- paper, witness my hand and seal, March 31st, 1843.
John Patterson, seal.”
On the same day, as consideration for said slaye, Patterson *434 executed his bill single for three hundred dollars, payable to Webb, one day after date, with a memorandum, stating the following condition:
“This note is subject to the following condition, to wit, I am bound as the security for George Foster, for the replevy of a negro boy named Tom, which has been levied on by virtue of an attachment in favor of Alfred Forgitt against said Foster, and l am not to pay so much of this note as will cover and indemnify me against said liability, until I am released therefrom. Said attachment is returnable to the Circuit Court of Rutherford county. John Patteeson.”
The defendant Patterson was released from any liability on account of his suretyship for the replevy of the slave, in the attachment case, and the bill alleges a tender of the three hundred dollars, in an offer to surrender Patterson’s note for that sum within six months; it is also stated, that said sum, is much below the value of the slave.
During the six months after the contract, the negro ran away, and was not in the power of Patterson to be delivered, but he has since been reclaimed and delivered. The slave while runaway, had got to Kentucky, where he had been taken up and kept in jail as a runaway slave, for nearly a year;, and the expenses for keeping him, amounting to a considerable sum.
The only question now’ is, whether Webb & Foster are bound to account for the expenses thus paid by Patterson. The complainants insist, that the nature of the contract is a sale absolute'; with liberty to repurchase within six months, and that while these expenses were incurred, the negro was the absolute property of the defendant who must, therefore, be liable for the expenses incurred on account of his own slave.
,The defendant insists, that the contract was a mortgage; that the slave remained the property of the complainants, and that in this view of the case, he ought to be allowed for the expenses incurred in reclaiming the slave. He also insists that the complainants are liable for these expenses, because they knew the negro to be addicted to running away, the said Foster having bought him in irons, as a runaw'ay slave in Alabama; all which facts were concealed from the defendant, who was thereby de- *435 ftaudedin said contract. We think it is manifest, from the instruments of writing executed by the parties, that the substance of the contract in this case, was a security against the liability the defendant had incurred as surety for Foster in the replevy bond.
In the first place, the sum agreed to be given for the negro, was according to the statement of the bill, much below his real value. The defendant executed his note for three hundred dollars only. A negro man slave, is usually worth double that sum; and this inadequacy of price, is a strong circumstance to show that the contract was only intended as a security to indemnify Patterson. The language of the defeasance, and the recitals of the memorandum attached to Patterson’s note for the three hundred dollars, all show that the whole arrangement was intended only as an indemnity to Patterson.
Now, if the substance of the contract was, a security for the liability Patterson had incurred for Foster, it will be construed a mortgage, whatever may be its form. And that this was the case, we have no doubt.
But upon the other ground assumed by the defendant, we think the complainants ought to pay these expenses. The evidence shows that the negro was an habitual runaway, of bad character, and hard to manage; and that Foster bought him when he was in irons confined as a runaway, and well knew his character. These facts were concealed from Patterson and he was induced to take as his security a slave that the complainants •knew, would probably runaway from him, and who actually did runaway the day after he got him.
This was a fraud upon Patterson, and although for the suppression of truth in relation to the moral character of a slave, a court of equity would not rescind a contract; yet in a case like this, where the parties are to account with each other, it is a legitimate ground for controlling their liabilities. Upon both grounds therefore, we think the complainants must account.
Affirm the decree.